## Commonwealth v. Tillman

*John E. Gallagher, Assistant District Attorney,* for
Commonwealth.

*Allan B. Goodman,* for petitioner.

BARTHOLD, P. J., November 7, 1966.—This is the
petition of Charles Richard Tillman filed under the
provisions of the Post Conviction Hearing Act of Jan-
uary 25, 1966, P. L. (1965) 1580.

The court granted petitioner's request for counsel
and Allan B. Goodman, Esq., was assigned by the pub-
lic defender's office to represent petitioner in this pro-
ceeding. The court granted a rule upon the Common-
wealth to show cause why a hearing should not be
granted and directed that a copy of the petition be
served upon the district attorney, et al., in accordance
with the provisions of the Post Conviction Hearing
Act. The district attorney filed an amended answer
alleging, inter alia, that petitioner "was dealt with as
a juvenile delinquent and was not tried upon the stat-
utory or common law crimes which his activity might

have constituted", and that a juvenile court hearing is not a criminal proceeding.

The petition on its face discloses that petitioner was committed to the State Correctional Institution at Dallas by the Juvenile Court of Northampton County. The juvenile court record contains the following order of court:

"AND NOW, this 29th day of September 1960, the Court, after hearing, finds and adjudges that Charles Richard Tillman, who is a minor child, born August 30, 1944, is a delinquent child, and being of opinion that the welfare of said child and the interests of the State require that he be placed away from his home in a suitable institution for training, does order and direct that he be committed to the State Correctional Institution, Dallas, Pennsylvania.

"BY THE COURT:

(sgd.)   William G.   Barthold
Presiding Judge"

The proceeding before the juvenile court was instituted by William H. Kinney, Chief Juvenile Probation Officer, alleging that Charles Richard Tillman, 16 years of age, born August 30, 1944, was a delinquent person, in that he forcibly committed an act of sodomy upon a seven-year-old boy, and prior thereto had started a paper and shrubbery fire which had to be extinguished by the Easton Fire Department.

Petitioner, Charles Richard Tillman, requests that he be released from custody under the provisions of the Post Conviction Hearing Act, alleging that certain of his constitutional rights were violated.

Petitioner has mistaken his remedy. The Post Conviction Hearing Act is inapplicable to commitments made in a juvenile court proceeding. Section 2 of the act establishes a post-conviction procedure for relief from *convictions obtained and sentences imposed* with-

out due process of law. Section 3 of the act provides "to be eligible for relief under this act a person must initiate a proceeding by filing a petition under section 5 and must prove the following: (a) That he has been *convicted of a crime*; (b) That he is incarcerated in the Commonwealth of Pennsylvania under a *sentence* of death or imprisonment or on parole or probation. . . . " Section 5 requires that the petition be filed with the clerk of the court in which (petitioner) was convicted and sentenced. The petition must identify the proceedings in which the petitioner was *convicted* and the place of *conviction* . . . and the *sentence imposed* (Italics supplied.)

The Juvenile Court Act of June 2, 1933, sec. 19, 11 PS §261, specifically provides: "No order made by any juvenile court shall operate to impose any of the civil disabilities ordinarily imposed by the criminal laws of the Commonwealth nor shall any child be deemed to be a criminal by reason of any such order or be deemed to have been convicted of crime".

A proceeding to have a child adjudicated a delinquent is not a criminal case, but is rather a procedure intended to save the child who violates the law, i.e., to save him from the ordeal of a criminal trial and to provide for his treatment under court supervision.[1]

From the foregoing analysis of the law, the conclusion is, we think, inevitable that the Post Conviction Hearing Act is not applicable to juvenile court proceedings, and therefore enter an order dismissing the petition.

ORDER

And now, this November 7, 1966, the post conviction hearing petition filed by Charles Richard Tillman is dismissed.

---

[1] In re Holmes Appeal, 175 Pa. Superior Ct. 137, affirmed 379 Pa. 599, certiorari denied; Commonwealth ex rel. Hendrickson v. Myers, 393 Pa. 224, Commonwealth v. Johnson, 402 Pa. 479, 481, 482; Commonwealth v. Henig, 200 Pa. Superior Ct. 614, 619.